UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BLAKE O'BRYAN SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CV-236-DCLC-DCP |
| ) | |
| KEITH SEXTON, WASHINGTON ) | |
| COUNTY COURT, GEORGE P. JONES ) | |
| JUSTICE CENTER, and WASHINGTON ) | |
| COUNTY DETENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, an inmate in the Washington County Detention Center, has filed a complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons that follow, the Court finds that Plaintiff may not proceed as a pauper in this action, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, and this action will be **DISMISSED without prejudice** to Plaintiff prepaying the filing fee.

### I. 28 U.S.C. § 1915(g) "THREE STRIKES"

Plaintiff is barred from proceeding *in forma pauperis* in this action because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This statute provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "[he] is under imminent danger of serious physical injury." *Id.*

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Swann v. Graybell, et al.*, 2:18-CV-207 [Docs.

22, 23] (E.D. Tenn. April 15, 2020) (dismissing document Plaintiff swore to as a "foregoing complaint" for failure to state a claim upon which relief may be granted under § 1983)[1]; *Swann v. Gouge, et al.*, 2:08-CV-106 [Docs. 4, 5] (E.D. Tenn. July 13, 2010) (dismissal for failure to state a claim upon which relief may be granted under §1983); *Swann et al. v. Johnson et al.*, 2:21-CV-193 [Docs. 5, 6] (E.D. Tenn. Jan. 4, 2010) (same).

Accordingly, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. IMMINENT DANGER EXCEPTION

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x

---

[1] In dismissing this case in its entirety without finding that any of Plaintiff's claims had merit, the Court noted that, to the extent Plaintiff did not intend the filing that he swore to as a complaint as an amended complaint, the action was dismissed due to want of prosecution. *Id.* Nevertheless, as the Court found that the document Plaintiff swore to as a complaint failed to state a claim upon which relief may be granted under § 1983, this dismissal counts as a strike. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)) (interpreting and applying *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) to provide that "if an entire action was dismissed, at least in part for § 1915(g) reasons, and if none of the claims were found to have merit, then the action counts as a strike under § 1915(g)").

2

488, 492 (6th Cir. 2012)).

The Court cannot liberally construe any allegations in Plaintiff complaint to assert any danger of physical injury to Plaintiff. Rather, all of Plaintiff's allegations relate to calculation of his sentence [Doc. 2 p. 3–4]. Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **DENIED**, and the instant action will be **DISMISSED without prejudice** to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER**:

          s/Clifton L. Corker
          United States District Judge